THE J. H. DAY CO. *v.* MORRIS, ADMR.

(Decided January 7, 1935.)

*Mr. John M. McCaslin,* for plaintiff in error.
*Messrs. DeCamp, Sutphin & Brumleve,* for defendant in error.

HAMILTON, P. J.   Defendant in error here, Froome Morris, administrator, plaintiff below, brought an action seeking to recover from The J. H. Day Company, plaintiff in error here, the balance of the purchase price of real estate purchased by The J. H. Day Company in a proceeding in the Probate Court of Hamilton county, Ohio, brought for the purpose of selling real estate to pay debts of a deceased person.

The record discloses that the defendant refused to pay the balance of the purchase price, challenging the title to the real estate. Its objection to the title, as set up in the answer, is that under the will of the deceased, whose estate is being administered, certain legatees under the will were not made parties in the petition or served with summons thereon. The answer further sets out that these legatees were made parties to the suit by the defendant mortgagee, The Provident Savings Bank & Trust Company, in its answer and cross-petition setting up its mortgage.

To the answer, the plaintiff demurred.

Since the only objection to the title was that these

legatees were not made parties in the petition, the question is raised as to whether or not the legatees were necessary parties; and, in the alternative, if necessary parties, were they in court for all purposes under the service of summons on the cross-petition of the defendant bank?

The proceeding was a Probate Court proceeding, primarily one to sell real estate to pay debts. The will was made a part of the petition, and provides that the real estate should be sold and from the proceeds of the sale the debts should be paid; that then certain legacies to the legatees involved here should be paid. Section 10510-15, General Code, specifically provides who must be made parties in such actions. In naming the necessary parties, the statute does not use the term "legatees", but does use the term "devisees". The statute further provides that all persons having an interest in the real estate must be made parties.

It is contended here that the legatees omitted from the petition are neither devisees nor persons having an interest in the real estate, since their only interest is as distributees of the proceeds derived from the sale of the real estate.

The statute also provides that if the interest subject to the sale is equitable, all persons holding legal title thereto, or any part thereof, and those who are entitled to the purchase money therefor, other than creditors, are necessary parties.

There may be some question as to whether or not this is an equitable proceeding. True, it is statutory under the Code, but since the interest of the deceased owner was the right of equitable redemption, it would require no stretch of imagination to consider it as subject to equitable procedure. However, we do not deem it necessary to determine that question.

It does seem, however, that the Legislature was endeavoring to make necessary parties all persons who

might be interested in the proceeding, and certainly parties entitled to the distributive share of the purchase money ought to be necessary parties, in order that they may protect the property rights from which would arise their distributive interest as legatees.

Prior to February, 1824, proceedings for the sale of lands to pay debts were wholly *ex parte*. It was only necessary for the administrator to satisfy the court that the sale was necessary. At this time, an act (2 Chase, 1308, 1311, Section 19) was passed providing that the application for an order of sale should be by petition, and that lawful heirs or the person having the next estate of inheritance, should be made defendants. Later, statutes were enacted requiring the widow to be made a party, as well as the heirs. Later, additional parties were added until we find the statute as it is today, under Section 10510-15, General Code. But in the list of statutory enactments nowhere is it provided that a legatee was a necessary party. Whether or not the legatees under the present statute are necessary parties is not free from doubt.

Enough has been said to show that the safer plan is to make legatees parties, since the statute, Section 10510-15, General Code, covers in terms every other interested party, and in an equity case provides that those who are entitled to the purchase money should be made parties. Devisees should be made parties, and it seems the Legislature was endeavoring to bring all parties who might be interested in the proceeding into court. We are, therefore, not holding that legatees are not necessary parties. We have, however, the allegations in the answer that these legatees were made parties on the cross-petition of the defendant bank in setting up its mortgage. They were brought into the proceedings and were served with summons. This is admitted. While it is true that the legatees were not made defendants by an amendment to the petition,

nor were they subsequently so made, that which is equivalent was done when one of the defendants in its cross-petition served the summons on the legatees. They are defendants upon the record. They had their day in court, and the law under which the proceedings were carried on has been substantially complied with. Having been brought into the case, the legatees were bound to take notice of the proceedings thereunder.

We are, therefore, of opinion, and so hold, that the legatees, whether necessary parties or not, were in court for all purposes of the case, and the sale under the proceedings was a valid sale, binding upon the legatees.

The trial court was correct in sustaining the demurrer to the answer, and in entering the judgment that it did. The judgment is affirmed.

*Judgment affirmed.*

Ross, J., concurs.